■ In the Matter of BERTHA Y. MARTI, Appellant, v PEDRO M. MARTI et al., Respondents. [794 NYS2d 96]—

In a support proceeding pursuant to Family Court Act article 4, the wife appeals from so much of an order of the Family Court, Queens County (Hunt, J.), dated April 23, 2004, as denied

her objections to so much of an order of the same court (Blaustein, S.M.) dated December 12, 2003, as, after a hearing, upon awarding her support in the amount of $1,284 per month, effective October 2, 2002, determined that no retroactive support was due since she admittedly retained the husband's pension of $1,534 per month during that period.

Ordered that the order dated April 23, 2004, is reversed insofar as appealed from, on the law, with costs, the objections to so much of the order dated December 12, 2003, as determined that no retroactive support was due are sustained, those portions of the order dated December 12, 2003, are vacated, and the matter is remitted to the Family Court, Queens County, for a new determination in accordance herewith.

The Support Magistrate properly complied with Family Court Act § 449 (1) by making the award of spousal support effective as of the filing date of the petition, which was determined to be October 2, 2002. However, the Support Magistrate erred in determining that no retroactive support was owed by the husband (*see* Family Ct Act § 449 [1]). The pension benefits retained by the petitioner during the retroactive period belonged not to the institutionalized husband but to the nonparty Bridgeview Nursing Home (*see* Social Services Law 366-c *et seq.*; 18 NYCRR subpart 360-4 *et seq.*; Douglas J. Chu, New York Elder Law § 6:7.2 Surplus Income Program [Spenddown] [PLI 2003]; Russo and Rachlin, New York Elder Law Practice § 8:1, at 553-554 [2001 ed]).

Further, based upon the changes in the resources of the husband as a result of the support award, the Commissioner of the New York City Human Resources Administration, as the administrative agency in charge of Medicaid, is required to recalculate the husband's budget accordingly (*see* Social Services Law § 366-c [4]; 18 NYCRR 360-4.10 [b] [4], [6]; 18 NYCRR 352.32; *see generally Matter of New York Assn. of Homes & Servs. for Aging, Inc. v Novello*, 13 AD3d 958 [2004]). Adams, J.P., Ritter, Mastro and Rivera, JJ., concur.